[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is a summary process action brought by Dr. Rick Mitwalli against Dr. Neil Wolff based upon the latter's alleged failure to tender the rental payment due for the month of July 1995. Defendant Neil Wolff counters the allegation by asserting 1) that the payment was tendered and cashed, and 2) that Dr. Rick Mitwalli failed to give proper notice of the alleged default prior to issuing the notice to quit and commencing this litigation. From the evidence presented at the trial, the court finds the facts which are recited hereinafter.
In April of 1982 the parties entered into a written purchase agreement whereby for the price of $150,000 Dr. Neil Wolff would purchase Dr. Rick Mitwalli's veterinary practice. The pertinent part of the purchase agreement calls fcr two installment payments CT Page 2845 of $25,000 and then monthly payments of $833.33 on a note in the amount of $100,000, representing the balance of the purchase price. The monthly payments of $833.33 are due on the first day of the month, subject to a ten-day period of grace.
In addition to arranging the terms of the note, the parties signed a lease for a twenty-year term which allows the defendant to move into the plaintiff's veterinary premises and operate the business. Monthly lease payments are $7,833.67. The lease provides in part that non-payment of rent on the first day of the month results in a default. Moreover, the lease provides that if the tenant remains in default for ten days after the landlord provides written notice thereof to the tenant, the landlord may commence proceedings of dispossession.
The lease also recites the parties' agreement which allows Dr. Neil Wolff the option to purchase the premises in which Dr. Rick Mitwalli's veterinary practice is located. The agreement provides inter alia that any balance due upon the exercise of the option would accelerate and be payable at the time of the closing.
On or about July 8, 1995, the defendant tendered to the plaintiff a check in the amount of $8,107.53. The reference portion of the check states "final rent — up to July 30th: real estate closing date — as per contract." On prior occasions the defendant had tendered a monthly check in the amount of $8,666.67 which included the rental payment ($7,833.67) and the note payment ($833.00). By inadvertence the defendant's tender of $8,107.53 as rent for July 1995 exceeded the rent due ($7,833.67) by $273.77 which is described by the defendant as a bookkeeping error.
The plaintiff claims that by letter, dated July 14, 1995, he informed the defendant that the rent was not paid in full. The letter is authored by plaintiff's counsel and addressed to the counsel hired by the defendant to handle the closing on the real estate portion of the parties' agreement. The letter states that the $8,107.50 is less than the monthly rental payment. Furthermore, plaintiff's counsel informed the defendant by letter, dated August 1, 1995 that he is in violation of the lease by not paying the full rent for July of 1995.
Inasmuch as the court has found that the rental payment is only $7,833.67 and that the amount tendered by the defendants in check form on or about July 14, 1995, labeled "rent" exceeds the CT Page 2846 rental payment, the court finds that the rent for the month of July 1995 was paid in full. Accordingly, the plaintiff is not entitled to possession based upon a claim of non-payment of rent for the month of July 1995.
The parties have entered into a written stipulation for the disposition of the use and occupancy payments which have been deposited with the court. In accordance with the stipulation, one of the parties should request a hearing relative to the disposition of the funds.
Clarance J. Jones, Judge